UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DREW DADDONO, as personal
representative on behalf of the Estate
of STEPHANIE MARIE MILLER,

    Plaintiff,

v.                                                                      CASE NO. 8:21-cv-315-WFJ-JSS

KURT A. HOFFMAN as SHERIFF OF
SARASOTA COUNTY, *et al.*,

    Defendants.
_____/

**ORDER**

Before the Court is the motion to dismiss filed by Defendants Armor Correctional Health Services, Inc. ("Armor"), Crystal T. Young, L.P.N., Frantz Simeon, M.D., Ashley Elizabeth Sherman, R.N., Karen J. Taylor, R.N., and Susan Jean Lehman, L.P.N. (Dkt. 52) and Plaintiff's response (Dkt. 55).[1] After careful review of the allegations of the complaint (Dkt. 1) and the applicable law, the Court concludes the motion should be denied in part and granted in part.

---

[1] Although not recited in the title or opening paragraph of the instant motion to dismiss, Defendant Irene Wanjiku Muriuki, L.P.N is represented by the same counsel as the other listed Defendants. The Court infers Defendant Muriuki seeks the same relief based on her inclusion in the body of the motion. *See* Dkt. 52 at 6.

## ALLEGATIONS CONCERNING
## ARMOR DEFENDANTS

Stephanie Marie Miller's personal representative, Drew Daddono, brings this twelve-count action against the sheriffs of both Sarasota and Charlotte counties, Armor, Corizon Health, Inc. (the two private companies contracting with the counties, respectively, to provide healthcare to jail inmates), and various medical staff or personnel of the two companies. Dkt. 1 ¶ 16–18. The factual allegations pertinent to the instant motion to dismiss are summarized in a prior order of this Court and will not be repeated here. *See* Dkt. 54 at 3-4.

Plaintiff brings five claims against either or both Armor and six named medical staff and personnel. Counts I and V allege claims against both Armor and its healthcare personnel for deliberate indifference under 42 U.S.C. § 1983 and medical negligence, respectively. Dkt. 1 ¶¶ 67–76, 122–127. The remaining three claims at issue seek relief against Armor only: Count III alleges a *Monell*[2] claim for failure to provide necessary medication and treatment (*Id*. ¶¶ 112–116); Count IX asserts negligent hiring, retention, and supervision (*Id*. ¶¶ 162–168); and Count XI states abuse, neglect, or exploitation of Ms. Miller as a "vulnerable adult" under section 415.1111 of the Florida Statutes (*Id*. ¶¶ 176–184). The adequacy of the

---

[2] *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

specific allegations challenged by these Defendants will be addressed in turn. Plaintiff concedes dismissal is warranted as to Counts IX and XI.  Dkt. 55 at 6 n.1.

## DISCUSSION

The Court applies the *Twombly-Iqbal* standard requiring the complaint to be "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  All factual allegations will be accepted as true and all reasonable inferences from those facts will be drawn in the light most favorable to Plaintiff.  *Ashcroft,* 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Legal conclusions masquerading as facts will not be accepted as true.  *Id.*; *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (same).

### *Sufficiency of Pleading Against Individual Defendants*

Defendants argue the complaint fails to identify which action or inaction is attributable to which of the six Armor employees in contravention of Rule 8, Fed. R. Civ. P.  Rule 8 requires each Defendant receive fair notice of the claims asserted against each particular one of them.  A complaint may fall within a category of impermissible shotgun pleadings if it asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Weiland v. Palm Bch. Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

If the complaint "can be fairly read to aver that all defendants are responsible for the alleged conduct," then it need not specify the particular defendant and may refer to the defendants collectively. *Kyle K v. Chapman*, 208 F. 3d 940, 944 (11th Cir. 2000).

Defendants assert this is not a situation where the separate defendants can be lumped together as "Defendants" collectively because each individual Defendant could not "be responsible for the same actions during Ms. Miller's stay at the [Sarasota County] jail." Dkt. 52 at 7 (recognizing *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1226 (S.D. Fla. 2014) for the proposition that group pleading may be permissible). In *Sprint*, the court denied a motion to dismiss, finding acceptable the complaint's reference generally to two individuals as "defendants" where the collective acts apply to each defendant individually and therefore each defendant receives adequate notice of the claims against him. *Id*. at 1227.

The allegations in this case, however, are more akin to those in *Horvath v. Armor Corr. Health Servs., Inc.*, No. 8:17-cv-2347-JSM-TGW, 2017 WL 10299213, at *3 (M.D. Fla. Dec. 19, 2017). In *Horvath*, Armor was sued for the actions of its employees which allegedly led to an inmate's death in jail after she suffered acute withdrawals from heroin and cocaine. Relying on *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001), the court in *Horvath* found the complaint deficient where all nine employees of Armor were lumped together so

4

that the individual defendants had no notice of what allegations applied to their actions or misconduct.  2017 WL 10299213, at *3, 4.

Unlike *Horvath*, the complaint here provides sufficient notice to avoid dismissal.  Defendants correctly point to six paragraphs where they are lumped together as to several actions and inactions that occurred.  *See* Dkt. 1 ¶¶ 68, 72, 124, 127, 179, 180.  Other paragraphs, however, set forth specific actions taken by one or more named Defendants at express times and dates.  *See* Dkt. 1 ¶¶ 30–35. For example, on November 10, 2018, Nurse Irene Muriuki conducted intake and Dr. Frantz Simeon, as supervising physician, was contacted about Ms. Miller.  *Id*. ¶ 30.  Plaintiff alleges "[o]n November 11, 2018, Armor's medical staff, including, but not limited to, Ashley Sherman, RN, Susan Lehman, RN . . .  – encountered Stephanie Miller regarding her medications." *Id*. ¶ 31.  The complaint specifies the times Nurse Lehman conducted an exam and Nurse Sherman made notations about the records coming from Sarasota Memorial Hospital, as well as verification of Ms. Miller's medications in property.  *Id*. ¶ 31.  The actions of Nurses Karen Taylor and Crystal Young are also described.  *Id*. ¶¶ 32, 34, 35.

The Court finds that the complaint, taken as a whole, provides fair notice to Defendants of the claims against them.

### *Count V – Damages for Mental Anguish and Emotional Distress*

Count V seeks damages based on medical negligence for the benefit of Ms. Stephanie Miller's survivors, Debra Miller and Axel Epperson. Dkt. 1 ¶¶ 122–134. Axel Epperson is Ms. Stephanie Miller's son. *Id.* ¶ 18. Debra Miller is Ms. Stephanie Miller's mother. *Id.* ¶ 17. Ms. Stephanie Miller was 38 at the time of her death.

Plaintiff alleges Ms. Miller's mother and son suffered mental anguish and emotional distress stemming from her injuries and death, and claims recovery under Florida's wrongful death statute, §§ 768.16–768.26 or, alternatively, under Florida's survival action statute, § 46.021. Dkt. 1 ¶ 133. The wrongful death statute, however, does not allow the parents of an adult child to recover mental pain and suffering for their loss with respect to medical negligence claims. Fla. Stat. § 768.21(4), (8). Defendants therefore assert that the allegations of mental anguish and emotional distress as to Debra Miller should be stricken based on § 768.21(4) and (8). Dkt. 52 at 13. Because paragraph 133 also applies to Axel Epperson, it cannot be stricken in its entirety. Only the reference to Debra Miller will be deemed stricken.

Accordingly, Defendants' motion to dismiss (Dkt. 52) is denied in part and granted in part. Counts IX and IX are dismissed with prejudice. The reference to Debra Miller in paragraph 133 is deemed stricken. Defendants shall file their answer and defenses to Counts I, III, and V within fourteen (14) days.

**DONE AND ORDERED** at Tampa, Florida, on April 23, 2021.

                                                WILLIAM F. JUNG
                                                UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record