UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DREW DADDONO, as personal
representative on behalf of the Estate
of STEPHANIE MARIE MILLER,

    Plaintiff,

v.                                                         CASE NO. 8:21-cv-315-WFJ-JSS

KURT A. HOFFMAN as SHERIFF OF
SARASOTA COUNTY, *et al.*,

    Defendants.
_____/

## **ORDER**

Before the Court is the motion to dismiss filed by Defendants Corizon Health, Inc. ("Corizon"), Dorothy Coates, R.N., Mary Jo Casadevall-Ali, R.N., Inna I. Paraschuk, R.N., Aleah Marie Morse, L.P.N., Kelly B. Johnson, A.P.R.N., Maryam D. Nabavi, M.D., Jill Elizabeth Calvert, L.P.N., Haley Ann Johnson, R.N., Wanda Michelle Goff, L.P.N., Katelyn Ann McCoy Hamsharie, L.P.N., Deanna Ferrari, L.P.N., and William Prummell as Sheriff of Charlotte County, Florida (Dkt. 63) and Plaintiff's response (Dkt. 77). After careful review of the allegations of the complaint (Dkt. 1) and the applicable law, the Court concludes the motion should be denied in part and granted in part.

## Allegations Pertinent to
## Corizon Defendants and Sheriff Prummell

Stephanie Marie Miller's personal representative, Drew Daddono, brings this multi-count action against the sheriffs of both Sarasota and Charlotte counties, Armor and Corizon Health, Inc. (the two private companies contracting with the counties, respectively, to provide healthcare to jail inmates), and various medical staff or personnel of the two companies. Dkt. 1 ¶¶ 16–18. The allegations against the Corizon Defendants and Sheriff Prummell of Charlotte County involve the events after Ms. Miller's transfer to Charlotte County jail on November 14, 2018. Defendants seek dismissal of five counts.[1] Plaintiff concedes dismissal without prejudice of Counts VIII, X, and XII. Dkt. 77 at 4 n.1.

## Counts II and IV

Count II alleges a claim under 42 U.S.C. § 1983 for deliberate indifference to the serious medical needs of Ms. Miller in violation of her "Eighth and Fourteenth Amendment" rights against the Corizon Defendants and Sheriff Prummell. Dkt. 1 ¶¶ 77–86.[2] Count IV alleges a *Monell*[3] claim against Sheriff

---

[1] The Court applies the *Twombly-Iqbal* standard requiring the complaint to be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All factual allegations will be accepted as true and all reasonable inferences from those facts will be drawn in the light most favorable to Plaintiff. *Id.* (citing *Twombly*, 550 U.S. at 555).

[2] Defendants are correct that the Eighth Amendment does not apply to pretrial detainees such as Ms. Miller. *See* Dkt. 63 at 4 n.1 (citing cases).

[3] *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).

Prummell for failure to provide necessary and prescribed mediation and treatment. *Id.* ¶¶ 117–121. Defendants argue that these two counts impermissibly include inconsistent damages—mixing both survival and wrongful death damages where only one is allowed. Plaintiff counters that pleading alternatively with inconsistent bases for recovery, even in one count, is permissible. *See Walgreen Co. v. Premier Prods. of Am., Inc.*, No. 8:11-cv-812-T-33MAP, 2011 WL 4902985, at *4 (M.D. Fla. Oct. 14, 2011) (citing Fed. R. Civ. P 8(d)(2)).[4]

Although the two counts may not specifically label the damages sought, Plaintiff may proceed at this stage in seeking damages alternatively. The Court finds the counts sufficient to notify Defendants of the claims against them and enable them to respond accordingly.[5]

Defendants' motion to dismiss (Dkt. 63) is denied in part and granted in part. Counts VIII, X, and XII are dismissed without prejudice. Defendants shall file their answer and defenses to Counts II and IV within fourteen (14) days.

**DONE AND ORDERED** at Tampa, Florida, on June 28, 2021.

---

[4] "A party may set out 2 or more statements of a claim . . . alternatively or hypothetically . . . in a single count . . . or in separate ones." Fed. R. Civ. P. 8(d)(2). "A party may state as many separate claims . . . as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). A plaintiff may plead survival claims as an alternative to wrongful death claims. *See In re Engle Cases*, No. 3:09-cv-10000-J-32JBT, 2012 WL 12904392, at *3 (M.D. Fla. Mar. 1, 2012) (citing Fed. R. Civ. P. 8(d)(2)–(3)).

[5] Defendants also assert that Counts II and IV are duplicative or redundant. At this stage of the litigation, however, both counts may proceed as was permitted for Counts I and III. Dkt. 54 at 5–8; Dkt. 56 at 3–5.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record