# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DREW DADDONO, as personal
representative on behalf of the Estate
of STEPHANIE MARIE MILLER,

     Plaintiff,

v.                                      CASE NO. 8:21-cv-315-WFJ-JSS

KURT A. HOFFMAN as SHERIFF
OF SARASOTA COUNTY, *et al*.,

     Defendants.
_____/

## ORDER

     Before the Court is Plaintiff's "Motion to Enforce Fla. Stat. 766.206 and Strike Defendants' Answer" (Dkt. 121) and the response and reply (Dkts. 125, 128).  After careful consideration of the submissions of the parties, the applicable law, and the entire file, the Court concludes the motion should be denied.

## INTRODUCTION

     Dr. Todd Wilcox, a Utah physician, submitted his corroborating medical expert opinion on behalf of the Charlotte Defendants in the presuit investigation stage.  His Florida expert witness certification had lapsed.  He reactivated his expert witness certificate immediately after Plaintiff raised the issue.  One year into this lawsuit, Plaintiff now moves to strike the Charlotte Defendants' answer

because the medical expert opinion did not comply with Florida's statutory law on presuit investigation requirements for medical negligence claims.

## PERTINENT FACTS

Dr. Todd Wilcox is not licensed to practice medicine in the state of Florida. In 2012, Dr. Wilcox held an expert witness certificate under section 458.3175, Florida Statutes. Dkt. 124-1 at 1.[1] The certificate is good for two years. *Id*. at 1–4.[2] Dr. Wilcox again obtained certificates in 2014 and 2018. *Id*. at 2–3. The 2018 certificate expired on September 4, 2020. *Id*. at 3.

Dr. Wilcox signed the presuit affidavit in this case on behalf of the Charlotte Defendants in November 2020. Dkt. 125 at 6. He did not hold a Florida expert witness certificate at the time. The complaint in this action was filed on February 9, 2021. Dkt. 1. The Charlotte Defendants filed their answer and affirmative defenses on July 12, 2021. Dkt. 79.

Over one year after this case was filed, Plaintiff raised the failure to hold a Florida certificate with the Charlotte Defendants. Dkt. 125 at 6. Dr. Wilcox applied for an expert witness certificate as soon as he was told—on March 14, 2022. Dkt. 124-1 at 4. On April 1, 2022, Plaintiffs filed the instant motion to

---

[1] An expert witness certificate is issued to a physician who holds an active and valid license to practice medicine in another state to provide expert testimony in Florida by filing a registration application with an application fee of $50. Fla. Stat. § 458.3175(1)(a).
[2] An expert witness certificate "is valid for 2 years after the date of issuance." Fla. Stat. § 458.3175(1)(c).

strike the Charlotte Defendants' answer for failure to comply with Florida's presuit medical negligence requirements in Chapter 766 of the Florida Statutes ("Medical Malpractice Act").  Dkt. 121.

## DISCUSSION

The issue is whether the Charlotte Defendants' failure to comply with Florida's presuit requirements—§§ 766.201–766.212, Florida Statutes—requires their answer and affirmative defenses be stricken pursuant to section 766.206(3). Plaintiff contends that Dr. Wilcox was not a qualified medical expert under Florida law because he did not possess a valid Florida expert witness certificate when he signed his expert medical opinion rejecting Plaintiff's claim.  Dkt. 121 at 3. Plaintiff further urges that Dr. Wilcox's late verification of the report in March 2022 when he renewed his certificate does not rectify the error.  Dkt. 128 at 6–7. The facts are undisputed that Dr. Wilcox did not hold an expert certificate on November 4, 2020, when he signed his report.

Plaintiff seeks to strike the Charlotte Defendants' answer based on the following statute:

> (3) If the court finds that the response mailed by a defendant rejecting the claim is not in compliance with the reasonable investigation requirements of ss. 766.201–766.212, including a review of the claim and *a verified written medical expert opinion by an expert witness as defined in s. 766.202, the court shall strike the defendant's pleading.* The person who mailed such response, whether the defendant, the defendant's insurer, or the defendant's attorney, shall be personally liable for all attorney's fees and costs incurred during the investigation

3

and evaluation of the claim, including the reasonable attorney's fees
and costs of the claimant.

Fla. Stat. § 766.206(3) (emphasis added).  Section 766.202 defines a "medical

expert" as " a person duly and regularly engaged in the practice of his or her

profession who holds a health care professional degree from a university or college

and who meets the definition of an expert witness as set forth in s. 766.102."  Fla.

Stat. § 766.202(6).  Section 766.102 addresses the prerequisites under which a

person may give expert testimony concerning the prevailing standard of care.  The

"expert witness" must "possess a valid expert witness certificate issued under s.

458.3175" if not a licensed physician in Florida.  Fla. Stat. § 766.102(12).[3]

---

[3] Section 766.102(12) provides in full:
> If a physician licensed under chapter 458 or chapter 459 or a dentist licensed under
> chapter 466 is the party against whom, or on whose behalf, expert testimony about
> the prevailing professional standard of care is offered, the expert witness must be
> licensed under chapter 458, chapter 459, or chapter 466 or possess a valid expert
> witness certificate issued under s. 458.3175, s. 459.0066, or s. 466.005.

Section 458.3175, Florida Statutes, provides in pertinent part:
> (1)(a) [Florida] shall issue a certificate authorizing a physician who holds an active
> and valid license to practice medicine in another state . . . to provide expert
> testimony in this state, if the physician submits . . .
> 1. A complete registration application . . . and
> 2. An application fee of $50.
> . . . .
> (2) An expert witness certificate authorizes the physician to whom the certificate is
> issued to do only the following:
> (a) Provide a verified written medical expert opinion as provided in s. 766.203.
> (b) Provide expert testimony about the prevailing professional standard of care in
> connection with medical negligence litigation pending in this state against a
> physician licensed under this chapter or chapter 459.

4

*Sections 766.102(12) and 458.3175*

At the outset, the Court notes that the parties have not cited any applicable case law addressing either section 766.102(12) or 458.3175, much less the particular circumstances presented here.  Both of these statutes were enacted in 2011, but only two opinions mention them.  *See* Ch. 2011-233, §§ 1, 10, Laws of Fla. (eff. Oct. 1, 2011); Fla. Stat. §§ 458.3175, 766.102(12) (2012); *In re Amends. to Fla. Evidence Code*, 144 So. 3d 536 (Fla 2014) (mentions statutes); *Cros Rivas v. Cleveland Clinic Fla.*, No. 18-cv-60672-UU, 2018 WL 9362259 (S.D. Fla. Dec. 6, 2018) (same).

Section 766.102(12), which references section 458.3175, has not been adopted by the Florida Supreme Court "to the extent they are procedural."  *In re Amends. to Fla. Evidence Code*, 144 So. 3d at 537 ("[T]he Court declines to adopt . . . chapter 2011-233, section 10, Laws of Florida, to the extent [it is] procedural.").  The Florida Supreme Court did not find the statute unconstitutional or unlawful, nor did it overturn the statute.  *See Bivins v. Rogers*, 207 F. Supp. 3d 1321, 1326 (S.D. Fla. 2016) (citing *In re Amends. to Fla. Evidence Code*); *Clare v. Lynch*, 220 So. 3d 1258, 1262 (Fla. 2d DCA 2017) (citing *Rogers* and *In re Amends. to Fla. Evidence Code* and noting "the statute remains the law").  Any resolution of the statute's constitutionality must "wait for a case in which the issue is properly raised and argued."  *Clare*, 220 So. 3d at 1262.  Here, the Charlotte

5

Defendants raise the statute's unconstitutionality in their response, but they have not followed the procedures for properly doing so. *See* Fed. R. Civ. P. 5.1.

With respect to constitutionality, Plaintiff cites *Weaver v. Myers*, 170 So. 3d 873 (Fla. 1st DCA 2015) ("*Weaver I*") as support for Florida's presuit notice requirements being "not at all likely to be unconstitutional." Dkt. 128 at 4. *Weaver I* upheld the constitutionality of the informal discovery process under Florida's medical negligence presuit requirements. The Florida Supreme Court quashed *Weaver I* in *Weaver v. Myers*, 229 So. 3d 1118 (Fla. 2017) ("*Weaver II*"). *Weaver I* discussed the substantive versus procedural dichotomy and held presuit requirements are primarily substantive in nature and do not encroach on the Florida Supreme Court's constitutional rule-making authority. 170 So. 3d at 878–79; *see also Menendez v. Progressive Express Ins. Co.*, 35 So. 3d 873, 876 (Fla. 2010) (holding personal injury protection presuit notice requirements substantive); *Williams v. Campagnulo*, 588 So. 2d 982, 983 (Fla. 1991) (holding medical malpractice presuit notice requirements substantive). *Weaver II*, however, held the challenged provisions unconstitutional on the grounds of privacy and did not reach the separation of powers issues. 229 So. 3d at 1142 (ruling on privacy grounds); *Id*. at 1151 (Canady, Polston, and Lawson, JJ., dissenting) (citing *Williams* regarding separation of powers).

6

Apart from *In re Amends. to Fla. Evidence Code*, only one other located authority mentions the statutes.  In the context of an expert's competency, the *Cros Rivas* court noted that holding a witness certificate under section 458.3175, without more, does not make that expert competent.  *See* 2018 WL 9362259, at *2.  In the instant case, Dr. Wilcox's competency is not challenged—only his lapsed certificate.

### *Plaintiff's Position—Striking a Defendant's Answer*

Plaintiff relies on *Hoeltzell v. Erenstoft*, 985 So. 2d 636 (Fla. 4th DCA 2008), as authority for striking the Charlotte Defendants' answer.  Dkt. 121 at 3. *Hoeltzell* discloses few facts.  In *Hoeltzell*, the trial court struck the defendant physician's pleadings for failure to comply with the presuit provisions of section 766.206.  985 So. 2d at 636.  Dr. Hoeltzell failed to "include an affidavit of an expert witness" with his *pro se* response to the claim, which the lower court found violated section 766.206(3).  *Id.* at 636–37.  The trial court also found that the plaintiff was prejudiced by her inability to identify additional defendants prior to the running of the statute of limitation.  *Id.* at 637.  The appellate court affirmed the lower court's order striking the defendant's pleadings.  *Id.*

Unlike Dr. Hoeltzell, the Charlotte Defendants provided a medical expert opinion with their response to Plaintiff's notice of intent.  Although Dr. Wilcox did not hold an expert certificate when he signed his report, he was otherwise qualified

7

under Florida law but for the payment of $50 for reissuance of the expert witness certificate.  Dr. Wilcox immediately renewed his certificate when Plaintiff raised the issue, and the Charlotte Defendants promptly provided the same report to Plaintiff.

### *Timeliness*

Plaintiff argues that the recertification was too late.  Plaintiff asserts that a proper corroborating medical expert opinion must be provided by a defendant, at the very latest, within the time to answer the complaint.  Dkt. 121 at 4 (citing *Pagan v. Smith*, 705 So. 2d 1034, 1036 (Fla. 3d DCA 1998)).  In *Pagan*, the appellate court reversed an order striking the defendant's pleadings for failure to comply with the presuit investigation requirements.  705 So. 2d at 1036.  Upon receiving the plaintiff's presuit notice of intent, Dr. Pagan faxed the notice to his attorney's law firm, but his attorney never received the notice because an associate in the firm mishandled the communication.  *Id*.  When Dr. Pagan was ultimately served with the complaint, the law firm discovered the error, completed the presuit investigation, and served a timely answer together with a corroborating medical expert opinion.  *Id*.  The service of the expert report opinion with the answer was deemed timely in the absence of any prejudice to the plaintiff.  *Id*.

In reaching its decision, the *Pagan* court determined that the sanction of dismissal was too severe under the circumstances.  *Id*.  The appellate court relied

8

on cases construing sections 766.106 and 766.203(3) in connection with the failure to timely respond to presuit discovery requests and relied on section 766.206(3) in connection with striking a defendant's response for failure to comply with the reasonable investigation requirements. *Id*. None of the cases cited in *Pagan* construe sections 766.102(12) or section 458.3175, because those statutes were not enacted until 2011.

Plaintiff also relies on *Hoeltzell* as authority stating that the latest time for correcting a defendant's corroborating expert opinion is the time the answer is due. Dkt. 128 at 6–7. There are few facts revealed in this short opinion. Dr. Hoeltzell did not include a medical expert report with his response.[4] *Hoeltzell*, 985 So. 2d at 636–37. *Hoeltzell* notes that the absence of any corroborating affidavit caused prejudice to the plaintiff because she could not identity additional witnesses before the running of the statute of limitations. *Id*. at 636.

In the case of a plaintiff's failure to comply with the presuit notice requirements, the law is clear that the error may be rectified "so long as compliance is accomplished within the two-year limitations period provided for filing suit." *Kukral v. Mekras*, 679 So. 2d 278, 283 (Fla. 1996) (citing *Williams*);

---

[4] The *Hoeltzell* court does not use the term "answer," and the term "response" in section 766.203(3) has been held to mean only the presuit response to the notice of intent to sue, and not the answer. *See Hebebrand v. Arrien*, 673 So. 2d 545, 546 (1996) (citing *Karr v. Sellers*, 668 So. 2d 629 (Fla. 4th DCA 1996)).

*see also Dial 4 Care, Inc. v. Brinson*, 319 So. 3d 111, 114 (Fla. 3d DCA 2021)

(citing *Kukral*).  No authorities other than *Pagan* and *Hoeltzell* have been

presented or found that determine the last date for a defendant, as opposed to a

plaintiff, to provide the presuit expert witness opinion.  Neither case clearly states

that the last chance for a defendant to correct compliance with presuit requirements

is the answer due date.

### *Presuit Provisions Concerning Corroborating Medical Experts*

In the absence of any case that addresses a challenge to a defendant's

corroborating medical written opinion verified by an out-of-state physician without

a certificate under section 458.3175, other authorities may provide some guidance,

or at least warrant discussion.  For example, several cases construe section

766.102(5), which was amended in 2013, to require a medical expert to be of the

"same specialty" as that of the allegedly negligent provider.[5]  *See, e.g., Nelson v.

Gualtieri*, No. 8:19-cv-449-T-36JSS, 2020 WL 1158712 (M.D. Fla. Mar. 10, 2020)

(finding presuit affidavit of orthopedic surgeon insufficient where defendant was

---

[5] Section 766.102(5) provides in pertinent part:
> (5) A person may not give expert testimony concerning the prevailing professional
> standard of care unless the person is a health care provider who holds an active and
> valid license and conducts a complete review of the pertinent medical records and
> meets the following criteria:
> (a) If the health care provider against whom or on whose behalf the testimony is
> offered is a specialist, the expert witness must:
> 1. Specialize in *the same specialty as the health care provider* against whom or on
> whose behalf the testimony is offered; and . . .

§ 766.102(5), Fla. Stat. (emphasis added).

an internist).[6]  These cases interpret Florida's statutory provision "literally" in

construing the term "same specialty."  *Id.* at *6 ("Florida courts have previously

decided that 'same specialty' is to be taken literally and is not synonymous with

physicians with different specialties providing similar treatment to the same areas

of the body.") (quoting *Riggenbach v. Rhodes*, 267 So. 3d 551, 555 (Fla. 5th DCA

2019)).  The provisions applicable to Dr. Wilcox, however, have little to do with

his specialty and more to do with paying a fee to recertify his certificate.  Fla. Stat.

§§ 458.3175, 766.102(12).  Florida determined him qualified and issued him

witness expert certificates over the course of eight years—from 2012 to 2020.  Dr.

Wilcox simply failed to renew his certificate.

Several Florida cases provide some support for denying a motion to strike,

although the statutory provisions are different.  Those cases in large part involve

review of a trial court's determination of the reasonableness of the presuit

investigation or the failure of the parties to engage in informal discovery under

section 766.106.  *See*, *e.g.*, *McPherson v. Phillips*, 877 So. 2d 755, 758 (Fla. 4th

DCA 2004).  In *McPherson*, the defendant physician failed to respond to informal

presuit discovery.  *Id.* at 757.  The court construed section 766.106(3) which

---

[6] *See also Riggenbach v. Rhodes*, 267 So. 3d 551, 555 (Fla. 5th DCA 2019) (holding presuit affidavit of plastic surgeon insufficient where defendant was orthopedic surgeon); *Davis v. Karr*, 264 So. 3d 279, 282 (Fla. 5th DCA 2019) (holding presuit affidavits of emergency room physician, radiologist, and nurse insufficient where defendant was orthopedic surgeon); *Clare*, 220 So. 3d at 1259 (holding presuit affidavit of podiatrist insufficient where defendant was an orthopedic surgeon).

provides that the "unreasonable" failure to comply with informal presuit discovery "justifies dismissal of claims or defenses," and held the lower court did not abuse its discretion in failing to strike the defendant's pleadings. *Id*. at 758–60. "[T]he word 'justifies' means that an 'unreasonable failure' to comply with Chapter 766 will support a judge's decision to dismiss, not that dismissal is required in every case." *Id*. at 758.

The *McPherson* court relied on several cases, including *De La Torre v. Orta ex rel. Orta*, 785 So. 2d 553 (Fla. 3d DCA 2001). In *De La Torre*, the plaintiff moved to strike the defendant's pleadings pursuant to a motion to determine the reasonableness of the defendant's presuit investigation under section 766.106(3). *Id*. at 555. Dr. De La Torre filed an expert affidavit to corroborate his medical defense as soon as he informed his insurance carrier and attorney of suit being filed, even though he did not respond at all to the plaintiff's presuit notice. *Id*. at 554–55. The court reversed the trial court's striking of the defendant physician's pleadings for failure to respond to the plaintiff's presuit notices. *Id*. at 555. Citing *Kukral*, the appellate court reasoned that the competing considerations required a less severe sanction be imposed, which might be available in the form of a compensatory award. *Id*. at 555–56.

*Pagan*, relied on by Plaintiff, is also cited in *De La Torre*. *Pagan* is similar to *De La Torre* in that the plaintiff moved to strike the defendant's pleadings.

*Pagan*, 705 So. 2d at 1035.  In *Pagan*, the plaintiff relied on sections 766.203(3) and 766.206(3).  *Id*. at 1036.  The court noted that section 766.203(3) requires the defendant to perform a reasonable presuit investigation and section 766.206(3) permits sanctions.  *Id*.  The court considered Dr. Pagan's conduct and concluded that "these facts simply do not justify the extremely harsh sanction imposed by the trial court."  *Id*.  Because the plaintiff suffered no prejudice and Dr. Pagan promptly acted to provide the corroborating affidavit to the plaintiff, the appellate court found the trial court abused its discretion in striking the defendant's pleadings.[7]  *Id*.

In sum, many cases interpreting section 766.106 (discovery) and section 766.203 (investigation) recognize the harshness of the sanction of dismissal and consider what prejudice has been suffered by the plaintiff.[8]  Even so, in the context of a plaintiff's failure to cure, those cases recognize that the plaintiff must correct any error before the statute of limitations runs.  *See Johnson v. McNeil*, 278 F.

---

[7] Independent research reveals one case that discusses a plaintiff's *unverified* medical expert opinion.  *See Berry v. Padden*, 84 So. 3d 1145 (Fla. 4th DCA 2012).  In *Berry*, the trial court dismissed the case with prejudice pursuant to section 766.206(2) for failure to submit a verified medical expert opinion.  *Id*. at 1146.  Section 766.206(2) is similar to subsection (3) but is applicable to a plaintiff.  In *Berry*, the plaintiff, Dr. Padden, provided the defendants with "only an *unverified*, corroborating medical expert opinion" before the statute of limitations ran.  *Id*. at 1147 (emphasis in original).  In affirming, the appellate court noted that only the lack of verification was challenged on appeal.  *Id*. at 1146.  Because the expert physician's written opinion was not verified, albeit signed, the court held the presuit requirements were not met.  *Id*. at 1147.  Unlike Dr. Padden's affidavit, Dr. Wilcox's affidavit was verified.

[8] Section 766.106(3)(a) clearly permits the trial court to exercise its discretion regarding presuit informal discovery.  *Id*. ("Unreasonable failure of any party to comply with this section justifies dismissal of claims or defenses.").  Section 766.203 does not contain the "justifies" language.

13

App'x 866, 871–72 (11th Cir. 2008) (citing section 766.206 and *Kukral* in affirming dismissal with prejudice where the plaintiff failed to cure presuit notice requirements of sending notice of intent to sue with corroborating medical expert opinion before statute of limitations ran). With respect to the timeliness of a defendant's failure to cure, as discussed above, Florida law is scarce and does not address the particular facts in this case.

### ***Considerations of Harshness, Severity, and Prejudice***

In most of the cases interpreting Florida's presuit notice requirements, the courts considered the harshness and severity of the sanction, together with the prejudice to the plaintiff. Florida's medical negligence statutes must be interpreted liberally in favor of affording access to the courts, while recognizing the legislative policy of encouraging early settlement of meritorious claims and screening out frivolous medical malpractice lawsuits and defenses. *Kukral*, 679 So. 2d at 284. While the purpose of the statutory scheme must be advanced, it is black letter law that a motion to strike is a drastic remedy disfavored by the courts. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (citation omitted). Courts should usually deny motions to strike unless a party would be prejudiced. *Kahama VI, LLC v. HJH LLC*, No. 8:11-cv-2029-T-30TBM, 2013 WL 1760254, at *8 (M.D. Fla. Apr. 24, 2013) (citing *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995)).

14

Here, the corroborating affidavit of Dr. Wilcox was timely provided to Plaintiff along with the response to the notice of intent to sue.  Plaintiff does not challenge Dr. Wilcox's credentials or competency, nor does Plaintiff take issue with the reasonableness of the investigation process or informal discovery under the statute.  The sole ground for striking the pleadings rests on a technicality—Dr. Wilcox's expired expert witness certificate issued under section 458.3175.  The certificate expired just two months prior to his completion and verification of his expert affidavit rejecting Plaintiff's claim.  This is not a case where an out-of-state expert was not qualified or had never applied for a witness certificate.

Plaintiff, for reasons unknown, did not raise the expired certificate with the Charlotte Defendants until March of this year, which was thirteen months after this lawsuit was filed.  Although Dr. Wilcox immediately applied for recertification upon his learning of the error, the Charlotte Defendants had already timely filed their answer.  Plaintiff claims no prejudice from his late recertification and the Court cannot imagine any possible harm or disadvantage that would befall Plaintiff.  This Court declines to strike the Charlotte Defendants' answer based on the unintentional failure to pay an administrative $50 recertification fee where their expert was otherwise fully qualified and competent.

It is therefore **ORDERED AND ADJUDGED** that the motion to strike the Charlotte Defendants' answer (Dkt. 121) is denied.

15

**DONE AND ORDERED** at Tampa, Florida, on May 16, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**<u>COPIES FURNISHED TO</u>**:
Counsel of record