UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DREW DADDONO, as Personal
Representative on behalf of the Estate of
STEPHANIE MARIE MILLER,

    Plaintiff,

v.                                                        CASE NO. 8:21-cv-315-WFJ-JSS

KURT A. HOFFMAN as SHERIFF OF
SARASOTA COUNTY, *et al.*,

    Defendants.

_____/

**PLAINTIFF'S MOTION TO EXCLUDE
DEFENDANTS' EXPERT DR. CHAD ZAWITZ**

Plaintiff, Drew Daddono a Personal Representative of the Estate of Stephanie

Marie Miller, files this Motion to Exclude Defendants, Armor Correctional Health

Services and its Employees, Expert Dr. Chad Zawitz as a result of a conflict on

interest. In support thereof, Plaintiff states:

**FACTUAL BACKGROUND**

In early December, 2019, Plaintiff began identifying qualified experts to serve

as both Plaintiff's presuit expert under Florida's presuit regime as well as the medical

expert to provide testimony in this case. On December 16, 2019, Plaintiff's counsel

received a referral from MedLeague, a medical expert referral service, for Dr. Chad

Zawitz. (Ex. A, Email from MedLeague re: Zawitz.) Plaintiff continued the presuit process and considered multiple experts, finally settling on Dr. Zawitz.

Before 10:53 a.m. on February 25, 2020, Plaintiff's counsel spoke with Dr. Zawitz on the phone regarding his provision of expert services to Plaintiff in this matter, describing the facts of the case to determine if Dr. Zawitz would agree to such services. (Ex. B, Email from JS to Dr., Zawitz re: phone call.) During that call, Dr. Zawitz agreed to provide expert witness services to Plaintiff, including the agreement on the price to be paid for such services. Id.; (Ex. C, Aff. of Slotin, ¶ 4-7.) Thereafter, on that call, Plaintiff's counsel provided additional information to Dr. Zawitz that included Counsel's evaluations of the strengths and weaknesses of each Defendants' case, evaluation of the evidence as it pertained to such, and legal theories of the case, including defenses thereto. (Ex. C, Aff. of Slotin, ¶ 7.) At 10:53 a.m. on February 25, 2020, Counsel emailed Dr. Zawitz confirming that call and requesting his CV, Fee Agreement, and *W9*, for payment of same, which was provided. (Ex. B, Email from JM to Dr., Zawitz re: phone call.) Subsequently, at 5:26 p.m. on February 26, 2020, Dr. Zawitz emailed counsel for the Plaintiff requesting a follow up call. (Ex. D, Email from Dr. Zawitz to JS re: Follow up call.) During that brief call, Plaintiff's counsel again provided his evaluation of the evidence, the strengths and weaknesses of the various parties' positions, including his own, and his theories of the case. (Ex. C, Aff. of Slotin, ¶ 10.)

Subsequently, Plaintiffs' counsel was advised by Dr. Zawitz that he was no longer able to provide the requested services as a result of the demands of the onset of the Corona Virus pandemic. Plaintiff's counsel, while disappointed, accepted this and even asked Dr. Zawitz for recommendations of a replacement expert. (Ex. E, Email from JS to Dr. Zawitz re: Termination of Services.) Dr. Zawitz provided a recommendation of experts, including Dr. Moorjani, whom Plaintiff, in fact, selected as his expert in this matter. (Ex. E, Email from Dr.Zawitz to JS re: Expert Recommendations.)

## LEGAL STANDARD

A court has an inherent authority to exclude or disqualify expert witnesses who have a conflict of interest. Goldman v. Bracewell & Patterson, L.L.P., 2005 U.S. Dist. LEXIS 45924, *3. In considering such a motion, courts consider three factors: 1) whether to moving party had a confidential relationship with the expert or whether it was objectively reasonable for the moving party to believe such a relationship existed, and 2) whether the moving party disclosed confidential information to the expert. Id.; De Palo v. Ludlam Retail Assocs., 2013 U.S. Dist. LEXIS 207824, *4-5. The person bringing the Motion bears the burden of proof on confidentiality. Id.

As to the confidential relationship, such a relationship may exist even in the absence of a formal contractual relationship. Id. Confidential information is

information that can be identified as either attorney work product or within the scope of attorney-client privilege, including "discussion of the [retaining party's] strategies in the litigation, the kinds of experts [the party] expected to retain, [the party's] views of the strengths and weaknesses of each side, the role of each of the [party's] witnesses to be hired, and anticipated defenses." NXP B.V. v. Research in Motion, Ltd., 2013 U.S. Dist. LEXIS 195942, *9-10. The person bringing the Motion bears the burden of proof on confidentiality.

ARGUMENT

In this case, Plaintiff contacted the proposed expert on February 20, 2020, and provided non-confidential information, readily obtainable in the course of discovery, such as the contents of the medical records underlying this action. (Ex. C, Aff. of Slotin, ¶ 4-7; Ex. B, Email from JS to Dr. Zawitz re: phone call.) At that time, Dr. Zawitz advised Plaintiff's counsel that he would provide expert services for Plaintiff and described the costs of same. Id. Plaintiff's counsel followed up with Dr. Zawitz by email, confirming this conversation. Id. At the time the terms of the contract were agreed to on the call, as the terms were confirmed in writing by the receipt of the written agreement and fee schedule, a contractual, and therefore confidential, relationship existed between Plaintiff and Dr. Zawitz. Venus Lines Agency, Inc. v. CVG Int'l Am., Inc., 234 F.3d 1225, 1229 (holding oral contract enforceable where there is agreement to the essential terms and obligations of the contract.) As such,

the first element for exclusion is satisfied. Goldman., 2005 U.S. Dist. LEXIS 45924, *3; De Palo, 2013 U.S. Dist. LEXIS 207824, *4-5.

Even were this Court to find that no contractual agreement existed, either at the time of the oral agreement of its confirmation in writing, Plaintiff's counsel had a reasonable belief that it existed. Id. Plaintiff's counsel and Dr. Zawitz conferred as to the essential terms of the contract, that is the obligations of Dr. Zawitz to provide his expert opinion in this matter and the cost Plaintiff is to pay for same. (Ex. C, Aff. of Slotin, ¶ 4-7; Ex. B, Email from JS to Dr. Zawitz re: phone call.) Such an agreement is generally considered sufficient to form a contract, a fact on which Plaintiff may rely. CVG Int'l Am., Inc., 234 F.3d at 1229. As such, the first element of proving a conflict of interest has been met. Goldman., 2005 U.S. Dist. LEXIS 45924, *3; De Palo, 2013 U.S. Dist. LEXIS 207824, *4-5.

As to the provision of confidential information, Plaintiff's counsel provided the quintessential confidential information, that is his evaluations of the strengths and weaknesses of each Defendants' case, evaluation of the evidence as it pertained to such, and legal theories of the case, including defenses thereto. (Ex. C, Aff. of Slotin, ¶ 4-7, 10.) Such information falls squarely within the definition of such information laid out by the Middle District of Florida. NXP B.V, 2013 U.S. Dist. LEXIS 195942, *9-10. As such, the second element of disqualification on the basis of conflict of interest is met. Goldman., 2005 U.S. Dist. LEXIS 45924, *3; De Palo,

2013 U.S. Dist. LEXIS 207824, *4-5. Having met both criteria, Plaintiff's Motion to Exclude should be granted. Id.

## CONCLUSION

Based upon the foregoing, Plaintiff shared a confidential relationship with Dr. Zawitz and provided him with confidential information, creating a conflict of interest when he switched sided in this litigation to provide expert services to Defendants. Id. As such, Plaintiff has carried the burden of establishing a conflict of interest such that exclusion of Dr. Zawitz's testimony is appropriate. Id.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order Granting this Motion, Excluding all testimony of Defendants' proposed expert Dr. Chad Zawitz, and Granting such other and further relief as is just and proper.

Respectfully submitted this 24th day of May, 2022.

/s/ *Dallas S. LePierre*
Dallas S. LePierre
(FL. Bar No. 101126)

/s/ *Mario B. Williams*
Mario B. Williams
Va. Bar No. 91955

**HDR, LLC**
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
404-254-0442 / 404-577-0080 FAX
mwilliams@hdrattorneys.com
dlepierre@hdrattorneys.com
*Counsel for Plaintiff*

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that he has conferred with all counsel regarding this Motion via Email and all parties do not consent to the relief requested.

/s/ <u>*Mario B. Williams*</u>
/s/ <u>*Dallas S. Lepierre*</u>

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of MOTION

TO EXCLUDE DEFENDANT'S EXPERT DR. CHAD ZAWITZ has been

served via CM/ECF on all parties in this action:

JACOB SLOTIN, Esq.,
Post Office Box 23236, St. Petersburg, FL 33742

GREGG A. TOOMEY, Esquire
1625 Hendry Street #203, Fort Myers, FL 33901

BORA S. KAYAN, Esq.,/FREDERICK J. ELBRECHT, Esq.,
1660 Ringling Boulevard, Second Floor, Sarasota, FL 34236

DAVID P. FARRAINOLO, Esq.,/ JULIE M. RICHE, Esq.
3507 E. Frontage Road, # 140, Tampa, FL 33607

Respectfully submitted this 24th day of May, 2022.


/s/ *Dallas S. LePierre*
Dallas S. LePierre
(FL. Bar No. 101126)

**HDR LLC**
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
404-254-0442
dlepierre@hdrattorneys.com
*Counsel for Plaintiff*